IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOYCE A. POPWELL, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE, et al., <br><br> Defendants. | Civil No. 11-2161 (JBS-AMD) <br><br> **MEMORANDUM OPINION** |

SIMANDLE, District Judge:

   The Complaint herein, filed by Plaintiff Joyce A. Popwell on April 14, 2011, has been assigned to my docket.  I have reviewed the Complaint to determine whether there is subject matter jurisdiction.  When it appears that subject matter jurisdiction is lacking, the federal court has the authority to dismiss the case for lack of subject matter jurisdiction and proceed no further.  See Rule 12(h)(3), Federal Rules of Civil Procedure.

   In this case, Ms. Popwell, who is a resident of Mays Landing, New Jersey, has filed suit alleging fraud against three defendants, namely, Allstate Insurance, Kenneth N. Lipstein, and Jerry C. Goldhagen.  The address for Allstate is given as Morristown, New Jersey, while the address for Goldhagen is in Linwood, New Jersey, and Lipstein is in Westfield, New Jersey.  Ms. Popwell seeks monetary damages of $1,500,000 and punitive

damages of $5,000,000 against these defendants. She alleges that these defendants made false statements in the uninsured motorist portion of a case she in which she was involved regarding her personal injury protection coverage. She alleges that the attorneys (Goldhagen and Lipstein) falsely stated that she had received all damages for PIP recovery, when she did not, and that as a result, defendant Allstate stopped payments of coverage. She also alleges that defendant Goldhagen failed to reinstate these benefits because when he filed a PIP claim on her behalf, it was out of time. This allegation suggests attorney malpractice.

The Court will not comment upon the merits of Ms. Popwell's case. What is clear, however, is that this Court lacks subject matter jurisdiction to decide this case. These claims for fraud and malpractice are claims that arise under state law, not federal law. Her rights to PIP benefits are determined by the insurance laws of New Jersey, and her attorney-client relationship with her New Jersey attorney is likewise governed by the laws of the State of New Jersey.

For claims arising at state law, the sole basis of jurisdiction would be diversity jurisdiction under 28 U.S.C. § 1332(a). Under § 1332(a), "The district courts shall have original jurisdictions of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between -- (1) citizens of different states." While the Complaint herein pleads that more than $75,000 is in dispute, it also demonstrates that there is a lack of diversity of citizenship. Diversity means that no plaintiff can be a citizen of the same state as any of the defendants; that is, there must be complete diversity. Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990); Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). A complaint in which a defendant has the same state of citizenship as a plaintiff is therefore non-diverse and not within this Court's jurisdiction to decide a matter arising at state law. In this case, Plaintiff Popwell and Defendants Goldhagen and Lipstein are all citizens of New Jersey. Accordingly, plaintiff cannot bring this case in federal court.

Under Rule 12(h)(3), above, this Court will dismiss this case for lack of subject matter jurisdiction. This dismissal is without prejudice to plaintiff's right to file suit in a court of competent jurisdiction.

The accompanying Order will be entered.

    **s/ Jerome B. Simandle**
    JEROME B. SIMANDLE
    U.S. District Judge

Dated: **April 20, 2011**